1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID WAYNE POTTER,                        No.  2:14-cv-2486 TLN GGH P

12                   Petitioner,

13        v.                                    ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14   STATE OF CALIFORNIA, et al.,

15                   Respondents.

16

17        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254, along with an application to proceed in forma pauperis.

19   Examination of the in forma pauperis application reveals that petitioner is unable to afford the

20   costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28

21   U.S.C. § 1915(a).

22        The exhaustion of state court remedies is a prerequisite to the granting of a petition for

23   writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

24   explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may

25   not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

26   highest state court with a full and fair opportunity to consider all claims before presenting them to

27   _____

28   [1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. §
     2254(b)(2).

                                           1

1    the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

2    1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

3            After reviewing the third amended petition for habeas corpus,[2] the court finds that

4    petitioner has failed to exhaust state court remedies.  The claims have not been presented to the

5    California Supreme Court.  Further, there is no allegation that state court remedies are no longer

6    available to petitioner.  Should petitioner disagree with these findings, he should file objections

7    and attach the California Supreme Court decision to his objections.  Accordingly, the petition

8    should be dismissed without prejudice.[3]

9            Good cause appearing, IT IS HEREBY ORDERED that:

10           1.  Petitioner is granted leave to proceed in forma pauperis;

11           2.  The Clerk of the Court is directed to serve a copy of these findings and

12   recommendations together with a copy of the petition filed in the instant case on the Attorney

13   General of the State of California; and

14           IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas

15   corpus be dismissed for failure to exhaust state remedies.

16           These findings and recommendations will be submitted to the United States District Judge

17   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

18   after being served with these findings and recommendations, petitioner may file written

19   objections with the court.  The document should be captioned "Objections to Findings and

20   Recommendations."  Petitioner is advised that failure to file objections within the specified time

21   /////

22   _____

23   [2]  Petitioner has filed second and third amended petitions, and the court has reviewed the most
     recent amendment.  The second amended petition states that petitioner sought review with the
24   California Supreme Court, but is "awaiting result."  (ECF No. 6 at 5.)  The third amended petition
     states that petitioner did not seek review by the state supreme court.  (ECF No. 7 at 2, 6.)

25   [3]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations
26   for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period
     will start to run on the date on which the state court judgment became final by the conclusion of
27   direct review or the expiration of time for seeking direct review, although the statute of
     limitations is tolled while a properly filed application for state post-conviction or other collateral
28   review is pending.  28 U.S.C. § 2244(d).

2

1  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

2  Cir. 1991).

3  Dated: December 5, 2014

4  <u>/s/ Gregory G. Hollows</u>

5  UNITED STATES MAGISTRATE JUDGE

6  GGH:076
   Pott2486.103

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28